Holt v. Sweetzer.

---

## HOLT v. SWEETZER.

[No. 2,895.   Filed November 14, 1899.]

BILLS AND NOTES.—*Corporations.*—*Notes Signed by Officers.*—*Liability of Parties.*—*Answer.*—*Parol Evidence.*—In an action on a promissory note by the indorsee it appeared by the note that defendant was payee in the body thereof, that the note was signed by a corporation, and by defendant and another, their signatures being followed by "Pres." and "Secy.," respectively. Credits amounting

Holt *v.* Sweetzer.

to $3,500 were indorsed on the note, and the note was afterward transferred by defendant by indorsement, without recourse. Defendant answered that the note was given by the corporation for money advanced to it by him, and that the signatures of the president and the secretary were intended to bind the corporation only, all of which was known by his indorsee; that said indorsee afterward assigned the note to plaintiff who also had full notice and knowledge of the facts alleged, and that after defendant assigned the note the corporation paid the interest which was credited thereon by the first indorsee. *Held,* that the answer was sufficient to authorize the admission of parol testimony to determine the liability of the parties.

From the Clay Circuit Court. *Reversed.*

*A. G. Smith* and *C. A. Korbly,* for appellant.

*A. W. Knight,* for appellee.

HENLEY, J.—Action by appellee against appellant upon a note, of which the following is a copy:

"$4,995.   Brazil, Ind., April 21, 1895.   On demand, after date, we, or either of us, promise to pay to the order of Sterling R. Holt, negotiable and payable at the First National Bank of Brazil, Indiana, four thousand nine hundred and ninety-five dollars, with eight per cent. interest and attorneys fees, without any relief whatever from valuation or appraisement laws.   The drawers and indorsers, severally, waive presentment for payment, protest, and notice of protest, and non-payment of this note.   Brazil Ice and Cold Storage Co., Henry Bynum, Sec'y. Sterling R. Holt, Pres."

And at the time said action was commenced the said note had written upon the back thereof the following: "Paid cash, May 4, '96, $500; paid cash, June 18, '96, $500; paid cash, July 18, '96, $500; paid cash, Aug. 10, '96, $500; paid cash, Aug. 20, '96, $500; paid cash, Aug. 27, '96, $500; paid cash, Sept. 29, '96, $500.

March 1, 1897, pay to F. M. Chapin or order, without recourse on me in law or equity.   Sterling R. Holt."

"Paid July 14, '96 (97) $243.98 interest up to July 14, 1897.   Frederick M. Chapin."   "Frederick M. Chapin."

Holt *v.* Sweetzer.

It is averred in the complaint that on the 21st day of April, 1895, the said Brazil Ice and Cold Storage Company, Henry Bynum and Sterling R. Holt, by their joint and several promissory note, promised to pay on demand after said date to the order of Sterling R. Holt said sum of $4,995; that on the 1st day of March, 1897, the said Holt indorsed said note without recourse on him to one F. M. Chapin, who afterward indorsed the note to appellee, who was at the commencement of the action the owner and holder thereof.

A demurrer was filed to the complaint by appellant, but is omitted from the record. Appellant answered in three paragraphs. The third paragraph of answer alleged, in substance, as follows: That the note sued on was made by the Brazil Ice and Cold Storage Company to said appellant in consideration of the payment by appellant of a certain promissory note made by said company to one P. D. C. Ball, of St. Louis, which note was for the sum of $4,995, to secure part of the unpaid purchase-money for an ice machine. That the note sued on was for a like amount, payable in bank, and was signed as follows: Brazil Ice and Cold Storage Co., Henry R. Bynum, Sec. Sterling R. Holt, Pres., and was so signed as secretary and president, respectively, of said company. That said company was a manufacturing corporation for manufacturing ice and cold storage; that it was lawfully indebted to said Ball for said sum for ice machinery, and by resolution of the board of directors of said corporation the note in suit was given to appellant for the cash advanced by him to said Ball, for said corporation, at its request. That said note was executed in the year 1896, and was dated 1897 by mistake. That there was no other or different consideration for the note sued on than the payment by appellant of said Ball note at the request of and for the benefit of the Brazil Ice and Cold Storage Company, and the note sued on represented a debt from said company to said appellant, and to no one else. That appellant afterward indorsed the note sued on to said Chapin, without recourse on appel-

lant in law or equity. That said Chapin was fully notified that said note was given for the said debt of said corporation to said appellant, and that the signatures of said appellant and Bynum, on said note, were the signatures of the secretary and president of said corporation, authorized by its board of directors, and were intended to bind the corporation only. That said Chapin afterward indorsed said note to plaintiff Sweetzer with full notice that appellant was not liable on said note as maker, or otherwise, and that said note was one from said company to said appellant, for a debt owed by it to him, and that there was no consideration whatever to bind appellant as maker, surety, or otherwise; and that said note was long overdue and dishonored at the time of said indorsement thereof to said plaintiff. That whilst he was still the holder of the note sued on, appellant presented the same for payment to said Brazil Ice and Cold Storage Company, and that said company made seven partial payments of $500 each between May 2nd and September 29, 1896, and that said payments were by him indorsed on the back of said note. That afterward, after the said note had been indorsed, the said company paid to said Chapin, by way of interest on said note, to July 14, 1897, the sum of $243.98, which said Chapin indorsed on said note. That long before the appellee became the holder of the note sued on, said Chapin sold and indorsed to appellee a note purporting to have been executed by the said corporation, by said Chapin, its president, and said Bynum, its secretary, to said Chapin (payee), or order, for $1,500; that said note was not at that time due; that said note was in fact a forgery, and that in order to secure said Sweetzer against loss on account of said forged note, Sweetzer procured from Chapin the indorsement and delivery of the note in suit, and surrendered to Chapin said forged note, a short time, to wit, two days before this suit was commenced. At the time the note sued on was indorsed by Chapin to Sweetzer, Sweetzer knew that the note sued on had been dishonored by the Brazil Ice

and Cold Storage Company, and that the company was embarrassed, if not insolvent; that its property was in the hands of a receiver, and that the note had been given to appellant by the Brazil Ice and Cold Storage Company for the consideration aforesaid.

The second paragraph of appellant's answer was like the third, except that it did not set up the insolvency of the said corporation, nor the payment of the interest on said note to said Chapin, nor the sale by said Chapin of said forged note to plaintiff, as a consequence of which plaintiff caused said Chapin to assign to him the note sued on.

The first paragraph of said appellant's answer was in all material respects like the second, except that no actual notice on the part of appellee of the fact that the note was the note of the corporation is averred; neither is the allegation made that appellee had notice of the dishonor of the paper, but it is alleged that the letters "Pres." following appellant's signature, his restricted indorsement, were sufficient to put appellee, a purchaser, upon inquiry as to the facts and circumstances attending the execution of the note in suit. Appellant also filed a cross-complaint in two paragraphs.

The errors assigned call in question the rulings of the lower court in sustaining appellee's demurrer to the first, second, and third paragraphs of answer, and to the first and second paragraphs of appellant's cross-complaint.

There is a long line of decisions in this State holding that where a note is signed by a person with such words as "Trustee", "President", "Secretary", "Manager", immediately following the name, such words are, in the absence of a corporate seal upon the note, or an apparent intention in the body of the instrument, to bind the corporation alone, considered merely as descriptive of the person of the maker, and the note is held to be the obligation of the person so signing it. Another exception to this rule is where it is apparent from the manner of its signature that the parties signing the note intended that the note should bind the

corporation alone. Still another exception is where the meaning of the instrument is uncertain, and the liability of the parties cannot be definitely determined upon its face; and in such a case as the one last mentioned, parol evidence may, under proper averments, be introduced to determine the rights and liabilities of the parties to the contract. *Prescott* v. *Hixon*, 22 Ind. App. 139; *Swartz* v. *Cohen*, 11 Ind. App. 20; *Metcalf* v. *Williams*, 104 U. S. 93; *Armstrong* v. *Kirkpatrick*, 79 Ind. 527; *Pearse* v. *Welborn*, 42 Ind. 331; *Means* v. *Swormstedt*, 32 Ind. 87, 2 Am. Rep. 330; *Gaff* v. *Theis*, 33 Ind. 307; *Liebscher* v. *Kraus*, 74 Wis. 387, 43 N. W. 166, 5 L. R. A. 496; *Carpenter* v. *Farnsworth*, 106 Mass. 561; Daniels on Negotiable Inst., §327; Parsons on Notes and Bills, 168; *Haile* v. *Peirce*, 32 Md. 327.

The only question before this court in the case of *Albany Furniture Co.* v. *Bank*, 17 Ind. App. 531, was as to the sufficiency of the complaint, and it was in that case held that "Construing the complaint and exhibit together, we see no ambiguity. It is alleged to be the joint note of the parties signing it, and the exhibit is not inconsistent with that allegation." In the last mentioned case, the exceptions to the general rule, as herein stated, were expressly recognized.

The note sued on in the case at bar falls fairly within that class of instruments, the meaning of which is uncertain, and the liability of the parties thereto cannot be definitely determined upon the face of the instrument itself. It is certain that so long as the note remained in the hands of Sterling R. Holt, appellant, it was not his obligation; he was not a maker of the note, he was the payee, and, during the time it so remained in his possession, the Brazil Ice and Cold Storage Company paid to him seven payments of $500 each. It was said in the case of *Pickering* v. *Cording*, 92 Ind. 306, 308, 47 Am. Rep. 145: "When an instrument in the form of a promissory note negotiable by the law merchant is made payable to the order of the maker himself, it is incomplete;

Holt *v.* Sweetzer.

indeed, it is a nullity, until it has been indorsed by the maker. A promissory note must have a maker, and it must have a payee who is another person than the maker." Further on in said opinion, the court say: "The maker of such a note does not become, by his indorsement, an 'indorser' in the technical sense of the term. An indorsement of a promissory note, in the ordinary technical meaning of the word, is an act which transfers the instrument already perfected in the hands of the indorser to another person, certain well defined liabilities attaching to the indorser dependent upon certain conditions. The maker of a note, payable to his own order, by a like act completes the note, makes the order upon which his liability depends, and his liability is that of a maker. That he may be held to such liability, there must be such writing upon the note as can be construed to be such an order."

When the appellant indorsed the note in suit with the restricted indorsement, "without recourse on me either in law or equity," he did not become a maker of the note. His indorsement was not such as could be construed to be such an order. The note in the hands of appellant was the note of the Brazil Ice and Cold Storage Company; it was payable to appellant, he being designated as payee in the body of the note; in the signature appellant added to his name the designation "Pres.", and these facts alone are sufficient to render the note ambiguous and make the liability of the parties to the instrument indefinite and uncertain, and to a great extent rebuts the presumption that appellant added the word "Pres." after his name merely as *descriptio personae*. Taking the note as it was when it went into the hands of appellee, with the appellant as payee in the body of the note, with the word "Pres." following his signature below the name of the Brazil Ice and Cold Storage Company, with credits thereon to the amount of $3,500, paid by the Brazil Ice and Cold Storage Company, to appellant, with his restricted indorsement thereon, it is as fair to presume that

the note was the note of the company as it is to presume that it was the joint note of the company, the appellant, and Bynum. In such a case parol testimony, under proper averments, is admissible, not to vary the terms of the contract, but to determine the rights and liabilities of the parties thereto. It is not the intention of this court to mitigate the rigorous rule prevailing in this State in cases of this class where no uncertainty or ambiguity exists; but where it appears, either in the body of the note or from the signature, that it was the intention of the parties to bind the corporation alone, or such an uncertainty exists as to render the note or other instrument ambiguous, it is the duty of the court to allow evidence to be introduced so that the rights of the parties may be rightfully determined.

Mr. Thompson, in his work on corporations, 4th Vol. §5127, says: "We find here, as in the case of sealed instruments, an irreconcilable confusion in the judicial holdings,— some of them, and especially those of early date, holding instruments which were plainly intended to be the promissory note of the corporation, to be merely the notes or obligations of the agent executing them, unless there was, not only in the body of the instrument, but also in the mode of its signature, a clear expression of the fact that it was the act of the corporation. In more recent cases, the judges have been mentally more honest, and have given effect to such instruments as the instrument of the corporation, where there were words, either in the body of the instrument or in the signature thereto which was plainly consistent with that conclusion and no other. In other words, here, as in the case of sealed instruments, many of the judges have at last come to the conclusion that it is their duty to interpret instruments, often executed by unskilled persons, so as to give effect to the real intention of the parties, as manifested on the face of the instrument,—proceeding upon the view that a judge can not believe one thing as a man, from the reading of an instrument under his eyes, and then pretend to believe a different thing as a judge."

The averments of each paragraph of appellant's answer were sufficient upon which the lower court ought to have permitted parol testimony tending to fix the liability of the parties to the instrument. It is not necessary that we consider the errors alleged and predicated upon rulings on the cross-complaint filed by appellant. The judgment of the lower court is reversed, and the cause is remanded with instructions to overrule appellee's demurrer to the first, second, and third paragraphs of appellant's answer, and for further proceedings not inconsistent with this opinion.