## Commonwealth, ex rel., *v.* Veley.

*Habeas corpus—Superior Court—Jurisdiction—Pleading—Autrefois acquit.*

The Superior Court has jurisdiction to grant a writ of habeas corpus in a case where a prisoner claims to be released because he had been previously tried and acquitted of the same charge.

Where a person has been charged with the killing of several persons by an act of alleged criminal negligence, and it appears.

that he had been tried and acquitted in one county, by change of venue, on an indictment charging involuntary manslaughter of two of the persons, and that he was arrested subsequently and indicted in another county for involuntary manslaughter of a third person who was killed at the same time as the two persons mentioned in the previous proceeding, he will be entitled to be released on habeas corpus under a plea of autrefois acquit.

The protection afforded by the fifth amendment of the Constitution of the United States that a person shall not be twice placed in jeopardy for the same offense, is not only to protect against the peril of a second punishment, but as well against being tried a second time for the same offense.

Argued Feb. 29, 1916.    Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.

Petition for writ of habeas corpus.

The facts are stated in the opinion of the Superior Court.

*Seth T. McCormick,* with him *W. K. Swetland, Archibald F. Jones* and *R. R. Lewis,* for relator.—We respectfully submit that where a number of deaths result from the same act there can be only one criminal offense. There is only one injury done the Commonwealth. We also contend that the trial and acquittal of the relator of the charge of killing two persons, who admittedly lost their lives by reason of the breaking of the dam, has conclusively determined that no act or omission of the relator in connection with the use and operation of the dam was criminal, and therefore the relator cannot again be placed in jeopardy for the same offense: Com. v. Jeftich, 40 Pa. C. C. R. 220; Altenburg v. Com., 126 Pa. 602; Com. v. Driesbach, 29 L. I. 333; Clem v. State, 42 Ind. 420; Gunter v. State, 111 Ala. 23; Sadberry v. State, 39 Tex. Cr. R. 466; State v. Damon, 2 Tyler (Vt.) 387; State v. Rosenbaum, 23 Ind. App. 236; State v. Fayetteville Com'rs, 6 N. C. 371; State v. Egglesht, 41 Iowa 574; Wilson v. State, 45 Tex. 76; Willis v. State, 24 Tex. App. 586, 6 S. W. 857; Ackerman v. State, 7

489, (1916).]    Arguments—Opinion of the Court.

Wyo. 504, 54 Pac. 228; Lorton v. State, 7 Mo. 55, 37 Am. Dec. 179.

Where the facts are undisputed and not subject to change the relator should be discharged upon habeas corpus if he has once been put in jeopardy and acquitted of the same offense: Com. v. Gibbons, 9 Pa. Superior Ct. 527; Com'th v. Shortall, 206 Pa. 165; Gerdeman v. Com'th, 11 Philadelphia 374; Com'th v. Kintzer, 16 Pa. C. C. 453; People, ex rel., Stabile v. Warden of City Prison, 202 N. Y. 138; Ex Parte Glenn, 11 Fed. 257; Maden v. Emmons, 83 Indiana, 331; Ex parte Royall, 117 U. S. 241.

*Colin R. Richmond,* District Attorney, with him *John W. Reed* and *T. F. Mullen,* for prosecutor.—If the record shows that the evidence necessary to support a conviction on the present indictment, would have been insufficient to procure a legal conviction on the former, the plea of autrefois acquit is not sustained: Com. v. Trimmer, 84 Pa. 65; Com. v. Ramunno, 219 Pa. 204.

To sustain the plea to a subsequent indictment, the identity of the two offenses charged in the two indictments must be shown: Com. v. Rockafellow, 3 Pa. Superior Ct. 588; Com. v. Starr, 36 P. L. J. 334; Com. v. Sullivan, 104 Mass. 552; Com. v. Hazlett, 16 Pa. Superior Ct. 534; Com. v. Tadrick, 1 Pa. Superior Ct. 555; Com. v. Rockafellow, 3 Pa. Superior Ct. 588.

OPINION BY ORLADY, P. J., July 18, 1916:

The Bayliss Pulp and Paper Company owned and maintained a concrete dam across Freemans Run, about one mile above the Borough of Austin, in Potter County. On September 30, 1911, owing to an exceptional rainfall, the dam broke, flooded the valley below and caused the death, by drowning, of a number of persons including Mrs. Eva A. Gleaspey, Mrs. Julia A. Swartwood and Mrs. Nellie Lawler, as well as the destruction of a large amount of property.

On November 20, 1911, George C. Bayliss, the president, and F. M. Hamlin, the superintendent of the company, were indicted in the Court of Quarter Sessions of Potter County, on the charge of involuntary manslaughter in causing the deaths of Mrs. Gleaspey and Mrs. Swartwood. On application of the defendants, the Supreme Court directed a change of venue for the trial of these cases to Tioga County, and on December 25, 1913, the two cases were called for trial, in the Court of Oyer and Terminer of Tioga County; a jury was regularly impanelled and sworn, the trials proceeded in due form, resulting in a verdict of not guilty, and the defendants were thereupon discharged.

On September 17, 1915, an information was made before a justice of the peace in Potter County, in which George C. Bayliss was charged with the crime of involuntary manslaughter, in causing the death of Mrs. Nellie Lawler by reason of the gross negligence in the management and control of the concrete dam, the breaking of which caused the death and damage stated. After a hearing before the justice, "the defendant was committed to the custody of the sheriff in the jail of the county, until delivered by due course of law." While so in custody, on January 5, 1916, he presented a petition to a judge of this court for allowance of a writ of habeas corpus, which upon consideration, was allowed and made returnable on Tuesday, February 29, before the court, then to be in session at Williamsport. A special writ of certiorari was awarded to bring up the full record of the magistrate and records in the courts of Potter and Tioga Counties, which were referred to in the petition. At the hearing, the sheriff of Potter County, who is the keeper of the jail, made return to the writ, and the relator was present in court. The district attorney of Potter County appeared, and conceded that the controlling facts as alleged by the petitioner were true, and requested that the case should be fully heard and disposed of by this court, and after submission of briefs and oral arguments, the

following facts were developed, which are uncontradicted. The informations in the three cases charge an offense produced by the same causal act, and at the same time, as there was but one dam on Freemans Run owned by the pulp and paper company; that the relator is the same person named in the three cases; and who was legally discharged, by due process of law, from the jeopardy in which he was placed on the trials in Tioga County; that the evidence relied on, in the case of Commonwealth v. Bayliss, charging him with involuntary manslaughter in causing the death of Mrs. Lawler, is the same as was available to the Commonwealth on the trial of Bayliss in the cases tried in Tioga County, and that no new or additional evidence is suggested, so that there is identity of person, causal act, evidence and time in regard to the cases in which the defendant was acquitted, and the one which he is again called to answer.

In Gosline v. Place, 32 Pa. 520, the Supreme Court, in an opinion by Chief Justice Lowrie, held, "The judicial authority of this court extends to the review and correction of all proceedings of all inferior courts, except those where such review is expressly excluded by statute, in accordance with the Constitution; and we may issue all sorts of process, and use and adopt all sorts of legal forms necessary to give effect to this supervising authority. Certiorari and habeas corpus are common law or customary forms used for this purpose and they have the express sanction of the Act of June 16, 1836, P. L. 785 (4 Stewart's Purdon 4515). Now habeas corpus and certiorari may be severally used as ancillary to each other. If a habeas corpus at common law issues, and the return to it shows, that the prisoner is held by virtue of proceedings in a court, or before a magistrate over which the court issuing the habeas corpus has a supervisory authority, the said court may issue a certiorari to bring up the record; and may thereupon hear and decide the case, or review and correct the proceedings, in order to give efficiency to the writ of habeas corpus. If a cer-

tiorari be issued to bring up a case into a higher court for review or hearing, the court may also issue a habeas corpus to bring up the defendant; and may in a proper case, admit him to bail to appear at the hearing and abide the event, and the form of the recognizance must be adapted to the exigencies of the case."

The authority of the Superior Court to issue like process is found in the Act of May 5, 1899, P. L. 240, viz: "The said court shall have no original jurisdiction, except that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus, returnable to the said court": Commonwealth v. Gibbons, 9 Pa. Superior Ct. 527.

The Supreme Court (and under the Act of 1899, the Superior Court), has the authority and the duty on habeas corpus in favor of a prisoner held on a criminal charge, to see that at least a prima facie case of guilt is supported by the evidence against him: Commonwealth, ex rel., v. Shortall, 206 Pa. 165.

The jurisdiction of this court to grant the writ of habeas corpus being established, the efficacy of the facts admitted of record to warrant the discharge of the relator is to be ascertained from the decisions.

It was held in Commonwealth v. Shoener, 30 Pa. Superior Ct. 321, affirmed in 216 Pa. 71, that "the true test to ascertain whether the plea of autrefois acquit be a good bar is whether the evidence necessary to support the second indictment would have been sufficient to secure a legal conviction on the first"—citing Commonwealth v. Tadrick, 1 Pa. Superior Ct. 555; Commonwealth v. Rockafellow, 3 Pa. Superior Ct. 588; Commonwealth v. Montross, 8 Pa. Superior Ct. 237; Commonwealth v. Hazlett, 14 Pa. Superior Ct. 352; s. c. 16 Pa. Superior Ct. 534.

While it has been held, that if the record shows that the evidence necessary to support a conviction on a present indictment, would have been insufficient to procure a

legal conviction on a former, the plea of autrefois acquit is not sustained: Commonwealth v. Allegheny, Etc., Railway Co., 14 Pa. Superior Ct. 336. Yet, when the record shows, that, as here, the alleged facts are identical, in each case, and on the whole record, the trial judge would be obliged to direct a verdict of acquittal, the defendant should not be again subjected to the expense of another trial for the same cause, when the result is made certain by our decisions.

The burden of proving the prior acquittal is on the defendant and must be supported by the preponderance of evidence. Where the facts are not controverted, the court has authority to direct a verdict for or against the Commonwealth as the case may require: Commonwealth v. Brown, 28 Pa. Superior Ct. 296.

As was said in Dinkey v. Commonwealth, 17 Pa. 126, "No man who has been guilty of a crime against society, should be suffered to escape on a mere technical defense, not founded in any principle of natural justice or rule of public policy. But it is also true, that where a man has once been fairly tried, there ought to be an end of the accusation forever. The right not to be put in jeopardy a second time for the same cause, is as sacred as the right of trial by jury, and is guarded with as much care by the common law and by the Constitution."

Where a party is accused of a crime, and acquitted by the verdict of a jury, such acquittal will be a complete protection against any subsequent prosecution for the same offense, provided the first indictment was such that he could have been lawfully found guilty upon it. This well settled rule, while it shields the citizen against the peril of repeated prosecutions, is broad enough for all the purposes of public justice. The same principle is announced and followed in United States v. Clark, 31 Fed. Rept. 710; People, ex rel., Stabile v. The Warden, 202 N. Y. 138; Ex parte Neilsen, 131 U. S. 176, 33 L. Ed. 118.

The records presents the case of several persons losing

their lives through the same disaster, viz: the breaking of the dam of the Bayliss Pulp and Paper Company, which in each of these prosecutions is alleged to have been caused by the negligence of the relator through defective construction of the dam.   The negligent act, if any, which caused the breaking of the dam, was the act which caused the deaths of the three women named. There was but one causal effect, though the result affected many parties.

In Gunter v. State, 111 Ala. 23, it was held that where the same act of unlawful shooting results in the death of two persons, an acquittal on a trial for the murder of one of them bars a second prosecution for the killing of the other.   To the like effect see Sadberry v. State, 39 Tex. Crim. R. 466; 46 S. W. 639; State V. Damon, 2 Tyler (Vt.) 287; State v. Rosenbaum, 23 Ind. App. 237: 77 Am. St. Repts. 432.

It follows from the foregoing authorities that, the criminal prosecution is for the injury done the Commonwealth, and not for the injury done to the individual who may, if entitled, obtain redress through a·civil action. Where there is but one act of cause of injury, or death of a number of persons, there is but one injury to the Commonwealth, but where the acts or causes are separate, they are separate injuries to the peace and dignity of the Commonwealth.

The protection afforded by the fifth amendment of the Constitution of the United State, that a person shall not be twice placed in jeopardy for the same offense, is not only to protect against the peril of a second punishment, but as well against being tried a second time for the same offense: Kepner v. United States, 195 U. S. 100; 49 L. Ed. 114.

The common law not only prohibited a second punishment for the same offense, but went further, and forbid a second trial for the offense, whether the accused had suffered punishment or not, and whether, in the former

trial, he had been acquitted or convicted: Ex parte Lange, 18 Wall 163; 21 L. Ed. 872.

If the case, as presented by this record, was before a jury, the trial judge would be bound to direct a verdict of not guilty, and to set aside a contrary verdict if rendered.

The relator is discharged.