# Commonwealth *v.* Erico, Appellant.

*Evidence—Witness—Opinion—Mental state — Conclusion from all matters observed—Discretion of court—Criminal law—Cross-examination—Reëxamination.*

1. Where an accurate description of all of the facts which are necessary to the formation of an opinion as to a mental state is difficult and complicated so as to make a narrative of the separate and distinct occurrences upon which the impression is based practically impossible, it is proper that the conclusion formed from all of the matter observed be given to the jury; and the necessity of the receipt of such testimony is largely within the discretion of the trial court.

2. On the trial of an indictment for the murder of a detective, where a police officer testifies to the work performed by the deceased which brought him in contact and made him acquainted with the foreign population of the city, the witness may express his belief that the deceased was familiar with all of a particular race residing in the city.

3. Where evidence for the Commonwealth in a murder trial is offered in chief and its admission refused, such evidence may be elicited on reëxamination, where the cross-examination for defendant has made the subsequent explanation competent.

*Evidence—Witness—Testimony at former trial—Credibility.*

4. The testimony of a witness given at a former trial is admissible at a later trial to show that there was in effect no variance in the story related by him at the later trial, where it appears that the witness had been asked as to isolated answers given on the prior occasion, which, standing by themselves, would indicate a change in his testimony, thus seriously affecting his credibility.

Argued September 26, 1921. Appeal, No. 455, Jan. T., 1921, by defendant, from judgment of O. & T. Luzerne Co., Sept. T., 1920, No. 257½, on verdict of guilty of murder of the first degree, in case of Commonwealth v.

Peter Erico.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.   Affirmed.

Indictment for murder.   Before Strauss, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, upon which sentence was passed.   Defendant appealed.

*Errors assigned* were, inter alia, various rulings sufficiently appearing by the opinion of the Supreme Court.

*S. S. Herring* and *Abram Salsburg,* for appellant.

*Arthur H. James,* District Attorney, for appellee.

Opinion by Mr. Justice Sadler, January 3, 1922:

Antonio Puntario was convicted of the murder of Samuel Lucchino, a detective residing in Pittston.   The present appellant was brought to trial as his accomplice, and was likewise found guilty.   As is our duty, we have carefully considered the evidence to determine whether there were facts presented which would justify the result reached by the jury, and we are satisfied that testimony was produced which, if believed, established the ingredients essential to a conviction of murder of the first degree.   Erico was identified as present at the time of the shooting, and evidence was offered to show his connection with the principal.   The legal propositions involved were carefully submitted to the jury in a charge against which no just complaint can be made, and the verdict which was rendered should be sustained unless some reversible error was committed during the course of the trial.

Various assignments of error have been filed, a number relating to the declaration made by Lucchino shortly before his death, and to the receipt in evidence of the gun found, which have been considered in the opinion

this day filed in Com. v. Puntario, and need not be specifically answered here. Additional matters are suggested, however, which must be disposed of.

The declaration of Lucchino that a stranger had shot him was properly admitted in evidence, as noted in the preceding case. This was followed by the testimony of a police officer showing the character of work performed by the deceased which brought him in contact and made him acquainted with the foreign population of Pittston. Against objection, the witness expressed his belief that the deceased was familiar with all of the Italians in that city. The error complained of in the second and third assignments rests on this statement of a conclusion. When an accurate description of all of the facts which are necessary to the formation of an opinion as to a mental state is difficult and complicated so as to make a narration of the separate and distinct occurrences upon which the impression is based practically impossible, it is proper that the conclusion formed from all of the matters observed be given to the jury (Cornell v. Green, 10 S. & R. 14), and the necessity of the receipt of such testimony is largely within the discretion of the court below: Ryder v. Jacobs, 182 Pa. 624. "Where the main ingredient in an inference as to the existence of a relevant mental state is the intuitive induction from observed appearances, [an opinion] is received [in evidence], upon a statement by the witness of such constituent facts as he is able to detail." 22 C. J. 614. The thought formed in the mind of the witness, arising from association with the deceased in detective work, was necessarily the result of many and varied incidents, difficult to describe in themselves, but resulting in a definite impression upon the mind as to the extent of his acquaintanceship; and, in permitting the answer complained of, we see no error. Evidence to the effect that a person was well known in a particular locality, or upon a particular street, has been approved: Western Union T. Co. v. Travis, 86 S. E. 221. In the

present case, the grounds upon which the witness based his belief were stated, and the jury, under appropriate instructions from the court, was fully enabled to judge of the correctness of the conclusion testified to: Com. v. Karamarkovic, 218 Pa. 405; Com. v. Stern, 58 Pa. Superior Ct. 591. The admission of the testimony was proper.

The sixth assignment rests on a question asked of a witness on reëxamination. The evidence elicited had been offered in chief and its admission refused, but the cross-examination of counsel for defendant clearly made the subsequent explanation competent. Nor can we see any reversible error in the permission given Lyons to testify as to the location of Puntario after the shooting, connected as it was with other testimony showing the defendant to have been with him at the time the shot was fired. Even though the relevancy of the statement might be questioned, yet the defendant could not have been prejudiced by its admission.

Another error alleged, the twelfth, is based upon the receipt of certain testimony of a witness given at a former trial to show there was in effect no variance in the story related by him at the present hearing. He had first been asked by counsel for defendant as to isolated answers given on the prior occasion, which, standing by themselves, would indicate a change in his testimony, thus seriously affecting his credibility. To permit a correct version of his previous story to be given was entirely proper.

Realizing the importance to the defendant of the issue involved, careful consideration has been given to all of the matters complained of, and we are convinced no error was committed. The charge of the court below was adequate and impartial, the evidence was sufficient to justify the verdict, and no reason has been shown for setting it aside.

The judgment is affirmed, and the record is ordered remitted for the purpose of execution.