# Joseph Altman v. David A. Lande, Trading as the Security Storage & Carpet Cleaning Co., Appellant.

*Bailments—Bailor—Bailee—Private carrier—Agreement to transport—Loss by bailee during transportation—Value of property—Evidence.*

In an action of assumpsit to recover damages for loss of rugs in the custody of a bailee, a witness who testified that he was a dealer in household furniture and familiar with the rugs in question, was qualified to give his opinion as to their value.

The general knowledge of the witness as disclosed by an examination made him competent to testify as to the condition of the rugs and also as to their market value. The competency of a witness on such a subject must to a large degree be committed to the discretion of the court, and an appellate court will not reverse if the witness had any claim to special knowledge which made his testimony useful. The degree of his knowledge may affect the weight of his evidence, but does not disqualify him if he appear to have had some familiarity with the subject. The discretion thus exercised in admitting the testimony, will not be overruled unless it has been greatly abused.

Argued November 13, 1924. Appeal, No. 216, Oct. T., 1924, by defendant, from the judgment of the Municipal Court of Philadelphia, April T., 1923, No. 1281, in favor of the plaintiff, in the case of Joseph Altman v. David A. Lande, Trading as The Security Storage & Carpet Cleaning Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover value of rugs lost in transportation. Before WALSH, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $300. Defendant appealed.

*Errors assigned* were various rulings on evidence, and refusal of defendant's motion for judgment non obstante veredicto.

*Louis Bernstein,* for appellant.—The witnesses called by the plaintiff were not qualified to testify as to value: Byrne v. Cambria & C. R. R. Co., 219 Pa. 217; Franklin Fire Insurance Co. v. Gruver, 100 Pa. 266; Lineaski v. Susquehanna Coal Co., 157 Pa. 153; Ryder v. Jacobs, 182 Pa. 624; Ake v. City of Pittsburgh, 238 Pa. 371; Chambers v. Mesta Machine Co., 251 Pa. 618; Schuette v. Swank, 265 Pa. 576.

*Joseph Blank,* for appellee.—The qualification of an expert is primarily a question for the trial court. A case will not be reversed on account of the admission or rejection of expert evidence unless it be clearly made to appear that this was an abuse of discretion: Ardesco Oil Co. v. Gilson, 63 Pa. 146; Sorg v. First German Congregation, 63 Pa. 156; Allen's App., 99 Pa. 196, 202; Ryder v. Jacobs, 182 Pa. 624, 630; Stevenson v. Coal Co., 203 Pa. 316, 330; Follansbee Company v. Engineering Co., 48 Pa. Superior Ct. 183-188.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff's claim was for the value of five Wilton rugs which the defendant undertook to transport with other household furniture to the City of Brooklyn and which were never delivered. At the trial the contract of carriage was proved and the loss of the property. The only subject presented for our consideration as set forth in the statement of the questions involved is the competency and sufficiency of the evidence of value. The rugs were delivered to the defendant on December 28, 1922. They had been purchased about three months before that date by the plaintiff at Gimbel Brothers' store in Philadelphia. The sale was in the regular course of business and the price was $325 in cash. They were used in the

399, (1925).]            Opinion of the Court.

plaintiff's home from the time they were purchased until they were delivered to the defendant. The family consisted of the plaintiff, his wife and a son. The evidence was that the rugs were in practically as good condition as when they were bought. This appeared from the testimony of Joseph Steinberg who was a dealer in household furniture and examined the rugs with reference to the purchase of them two or three days before they were taken out of the house; and by Benjamin Futernick, a dealer in general merchandise, who had seen them often in the plaintiff's residence and who twenty years before had been engaged in the purchase and sale of rugs. According to the testimony of these witnesses the rugs were worth nearly as much as they cost. The appellant's complaint is that these witnesses were not experts on the subject of price, but this objection cannot be maintained. Each of them had some knowledge on the subject. It is true the learned judge held that Steinberg was not an expert on the subject in reply to the defendant's objection to the question: "Can you tell us what in your opinion those rugs would sell for at retail in stores in December, 1922?" but this ruling did not affect the material part of the testimony of the witness. His general knowledge as disclosed by the examination made him competent to testify as to the condition of the rugs and also as to their market value. The competency of a witness on such a subject must to a large degree be committed to the discretion of the court, and an appellate court will not reverse if the witness had any claim to special knowledge which made his testimony useful. The degree of his knowledge may affect the weight of his evidence, but does not disqualify him if he appear to have had some familiarity with the subject. The discretion thus exercised will not be overruled unless it has been greatly abused: Allen's App., 99 Pa. 196; Stevenson v. Coal Co., 203 Pa. 316; Thompson v. Zartman Lumber Co., 55 Pa. Superior Ct. 328. The evidence of the witnesses referred to related closely to the time when

the defendant is said to have taken possession of the property, and each of them had some knowledge of the value of such property. Moreover the price paid for an article of general use in the open market is evidence of market value. It is not in itself the value of a thing, but is evidence of value. It raises an inference of what the thing is worth, but does not create a conclusive presumption. The jury could take into consideration the fact that the rugs were used in the home of a small family for a short time and could see as well as an expert that their value to the owner would be little impaired by use during the short period they were in the house. The learned trial judge very properly therefore took into consideration the evidence of value presented.

The judgment is affirmed.