## Commonwealth ex rel. Brockway *v.* Keenan, Appellant.

Submitted September 26, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Harvey Brockway*, appellant, in propria persona.

*Damian McLaughlin*, District Attorney and *Louis R. Banacci*, Assistant District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 16, 1955:

This is an appeal from the order of the Court of Common Pleas of Erie County dismissing a petition for a writ of habeas corpus brought by a prisoner.

May 7, 1954 the petitioner was sentenced on three charges filed in the May Sessions of the Court of Quarter Sessions of Erie County. On each of two charges of involuntary manslaughter, filed to Nos. 5 and 6, he was sentenced to three years in the Allegheny County Workhouse, and on a charge of assault and battery filed to No. 8, he was given an additional sentence of one year. The sentences were made consecutive. As is customary the three sentences were "lumped into a term of seven years by the prison and parole authorities.

The three charges on which the petitioner was sentenced grew out of two deaths and an injury resulting

from an automobile accident. As the two deaths and the injury resulted from one unlawful act, the court had power to impose sentence on only one charge of involuntary manslaughter. It had no power to impose sentence on the other two charges and its attempt to do so is a nullity. *Com. v. McCord,* 116 Pa. Superior Ct. 480, 488, 489, 176 A. 834 (1935); *Com., ex rel., v. Veley,* 63 Pa. Superior Ct. 489 (1916); *Com. v. Ernesto,* 93 Pa. Superior Ct. 339, 348 (1928).

The lower court seems to have recognized the illegality of the second and third sentences, but dismissed the petition for the writ on the ground that the first sentence of three years was not questioned by the petitioner, and as he is now serving a legal sentence his petition for a writ of habeas corpus is premature. The prisoner is, of course, not now entitled to a writ of habeas corpus because he is not now being illegally detained.

He contends however, that his sentences should be corrected, because if he is under a seven year sentence the Parole Board will not consider his application for parole until he has served half of that time, which would be after he served all of his legal three year sentence. Technically, his contention is not correct, but assuming that the Board would follow its usual practice, he has correctly stated what would likely happen.

The Board has the power to release him immediately, and is required to accept an application for parole from him at any time, and act upon it within 6 months. See Attorney General's Formal Opinion of February 26, 1943, 46 D. & C. 542, 550, and section 22 of the Parole Board Act of August 6, 1941, P. L. 861 as amended, 61 PS 331.22. As a matter of practice, however, the Board seldom, if ever, grants paroles in cases of flat sentences until the prisoner has served half of his sentence.

The lower court suggests that it will consider the illegality of the imposition of the additional sentences "when the time has arrived for the petitioner to make application for parole under No. 5 May Term, 1954." As suggested above, the prisoner can make application to the Board any time after a flat sentence is imposed, so it would seem that the lower court is referring to the "time" when the Board customarily gives serious consideration to such applications,—that is after the applicant has served half of his sentence. Under any circumstances the prisoner is entitled to have an illegal sentence stricken from the record, and we can see no reason why there should be any delay in doing so.

When this court had original jurisdiction in habeas corpus cases, it had before it a case in which the prisoner was sentenced on each of two separate counts which involved only one unlawful act. It was there said, "We cannot discharge the prisoner because he has not yet completed the full term of his sentence on the first count; but we can and do set aside the sentence imposed on the second count." *Com. ex rel. Wendell v. Smith,* 123 Pa. Superior Ct. 113, 116, 186 A. 810 (1936). See also *Com. ex rel. Micholetti v. Ashe,* 359 Pa. 542, 544, 59 A. 2d 891 (1948).

Although the general rule is that a court has no authority to alter a sentence either by increasing or reducing the punishment imposed after the expiration of the term during which the prisoner was sentenced, when the sentence originally entered is a nullity the court may, even after the expiration of the term, revoke the invalid sentence. *Com. v. Downer,* 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897 (1947). See also *Com. ex rel. Monaghan v. Burke,* 169 Pa. Superior Ct. 256, 261, 82 A .2d 337 (1951) ; *Com. ex rel. Tiscio v. Burke,* 173 Pa. Superior Ct. 350, 355, 98 A. 2d 760 (1953).

We think that in cases such as this when an illegal sentence is called to the attention of the lower court it should immediately correct its records by striking off the illegal sentence.

The last two sentences of the petitioner should be declared invalid and his total sentence corrected to three years. This can be done by returning the case to the lower court with direction that the prisoner be resentenced, or by correcting the record in our own order. The latter would be the more expeditious procedure to follow in the instant case, and we shall make our order accordingly.

The order of the lower court dismissing the writ is affirmed, but the sentences entered in the Court of Quarter Sessions of Erie County to No. 6 and No. 8 May Sessions, 1954 are declared invalid and the "lumped" sentence of the petitioner corrected accordingly.