Commonwealth *v.* Speelman, Appellant.

110

Submitted March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert W. Geigley,* for appellant.

*Oscar F. Spicer,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 24, 1975:

The appellant, Raymond Wayne Speelman, has brought this appeal from judgments entered following two separate trials. The appeal from No. 23 October Term, 1973, follows appellant's conviction of driving while under the influence of intoxicating liquor.[1] This charge was not tried at the same time, nor did it result from the same set of facts as the appeal from Nos. 70 and 121 February Term, 1973. Appellant was charged with driving while under the influence in August of 1973, approximately one year after the accident occurred which gave rise to the other indictments. The only issue raised concerning the drunken driving conviction is the severity of the sentence. However, the sentence of $1\frac{1}{2}$ to 3 years imprisonment, to run concurrently with sentence imposed at Nos. 70 and 121 February Term, 1973, is within the statutory maximum provided in The Vehicle Code. Therefore, it is affirmed.

The appeal from judgments entered at Nos. 70 and 121, February Term, 1973, first raises the question of whether the double jeopardy provision of the United States Constitution requires this court to vacate appellant's convictions. For the reasons which follow, we hold that it does not.

The facts are that appellant was involved in a head-on collision on September 23, 1972. As a result of the accident, three victims died; two immediately after the accident and the third on November 18, 1972. A complaint charging appellant with two counts of involuntary manslaughter[2] and with the summary offense of failing to yield one-half of the right of way to an approaching

---

1. The Vehicle Code, Act of April 29, 1959, P.L. 58, §1037 (75 P.S. §1037).

2. The Penal Code, Act of June 24, 1939, P.L. 872, §703 (18 P.S. §4703), *repealed* Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §2504).

vehicle,[3] was filed on September 28, 1972. A preliminary hearing on both the indictable manslaughter charges and the summary offense was held by a district justice on November 7, 1972. Appellant was found guilty of the summary offense and bound over for the grand jury on the manslaughter charges.

Less than two weeks after the preliminary hearing, on November 18, 1972, the third victim died. Subsequently, on November 24, 1972, a third charge of involuntary manslaughter was filed against appellant, who waived the preliminary hearing. The grand jury returned true bills on all three counts of involuntary manslaughter, the charges were consolidated, and trial began on January 22, 1973. Appellant also appealed his summary conviction under Pa.R.Crim.P. 67(e), and it was heard by the trial judge in a de novo proceeding after the jury retired. The jury convicted appellant of three counts of involuntary manslaughter and the lower court found him guilty of the summary offense.

Post-trial motions for new trial and in arrest of judgment were filed and argued. Before the court disposed of the motions, however, the Pennsylvania Supreme Court decided *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973). Reargument was then permitted on the issue of double jeopardy. On August 17, 1973, the court below held that *Campana* did not apply to the charge arising from the November 18, 1972, death. Decision was deferred as to the other charges, pending United States Supreme Court review of *Campana*. After that court remanded and our Supreme Court decided that *Campana* was based on its supervisory powers, the lower court determined that that decision did not apply retroactively. All post-trial motions were then denied, and on April 1, 1974, appellant was sentenced. He then instituted this appeal.

---

3. The Vehicle Code, Act of April 29, 1959, P.L. 58, §1006 (75 P.S. §1006).

We find no error in the lower court's holding. We have recently held that *Campana* will not be applied to cases which arose before that decision was announced. *Commonwealth v. Kloch,* 230 Pa. Superior Ct. 563, 327 A.2d 375 (1974) ; *Commonwealth v. Beam,* 227 Pa. Superior Ct. 293, 324 A.2d 549 (1974). *Commonwealth v. Kloch, supra,* is factually similar to the instant case in that *Campana* was decided while post-trial motions were pending. Therein, we decided that *Campana* would not be applied where the first prosecution was brought before May 4, 1973, the date of the *Campana* decision. We see no reason to depart from that holding. Consequently, appellant's assertion that *Campana* requires us to vacate the two manslaughter convictions charged at No. 70 February Term, 1973, is without merit.

Moreover, we agree with the lower court that *Campana* is inapposite to the third count of manslaughter, filed at No. 121 February Term, 1973. *Campana* itself requires only those offenses *known* to the prosecuting officer to be brought together. *See Commonwealth v. Campana,* 452 Pa. at 247, 304 A.2d at 438. In the instant case, the third victim did not die until after appellant's preliminary hearing. Therefore, the third offense of involuntary manslaughter was not known to the prosecuting officer until that proceeding was ended. Under these circumstances, it is not error for the Commonwealth to issue a second indictment, charging a defendant with conduct like that in the first indictment and based on the same transaction. *See* the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §110(1) (ii)). Moreover, because all charges in both indictments were consolidated at one trial, the appellant was not subjected to double jeopardy.

Appellant next asserts that the lower court erred in permitting a state police officer who investigated the accident to express his opinion as to the point of impact. As authority for this contention, appellant relies exclu-

sively on *Smith v. Clark,* 411 Pa. 142, 190 A.2d 441 (1963), which we find to be inapposite to the case now before us. In *Smith,* a police officer who did not see the accident under investigation was asked what *caused* the accident. The Supreme Court held that the admission into evidence of his answer was reversible error, because it called for a conclusion about the ultimate issue which was for the jury's determination.

In the case at bar, the state trooper was thoroughly questioned about what he saw at the scene of the accident. He was then asked his opinion of the location of the accident, not of its cause. His opinion was based on his observations of the oil, debris, and gouge marks at the scene and his training in accident investigation. The officer has a claim to special knowledge which made his testimony useful to the jury. *Altman v. Lande,* 84 Pa. Superior Ct. 399 (1925). *See also Commonwealth v. Ross,* 452 Pa. 500, 307 A.2d 898 (1973). Moreover, the jury was cautioned about the weight to be accorded his testimony. The lower court, therefore, was correct in admitting this testimony.

Appellant also contends that there was fundamental error in the charge. However, only a general objection was taken to the charge, and no error has been preserved for our review. *Commonwealth v. Watlington,* 452 Pa. 524, 306 A.2d 892 (1973).

Appellant finally contends that he was illegally sentenced following his conviction of three counts of involuntary manslaughter. Appellant was sentenced to 1½ to 3 years imprisonment at No. 70 and 1½ to 3 years at No. 121, sentences to run concurrently. We agree with appellant that the sentence was illegal, and will remand for resentencing only.

It has long been the law of this Commonwealth that where more than one death results from a single accident, there is but one injury to the Commonwealth. *Commonwealth v. McCord,* 116 Pa. Superior Ct. 480, 176

A. 834 (1935). Consequently, the courts of Pennsylvania are without power to impose sentence on more than one charge of involuntary manslaughter arising from that accident. Any attempt to sentence on additional charges is a nullity. *Commonwealth v. Cox,* 209 Pa. Superior Ct. 457, 228 A.2d 30 (1967) ; *Commonwealth ex rel. Brockway v. Keenan,* 180 Pa. Superior Ct. 78, 118 A.2d 255 (1955) ; *Commonwealth v. McCord, supra; Commonwealth v. Ernesto,* 93 Pa. Superior Ct. 339 (1928).

These cases are distinguishable from those cited in our recent decision, *Commonwealth v. Marker,* 231 Pa. Superior Ct. 471, 331 A.2d 883 (1974). *Marker* dealt with the commission of separate crimes against different individuals, each constituting a separate punishable action. *Marker,* therefore, is inapposite to the present case. The appellant herein was sentenced on two separate charges of involuntary manslaughter, although the deaths resulted from one accident. The sentence on the second indictment, therefore, is a nullity, and appellant is entitled to be resentenced.[4]

Appellant also contends that his sentence for the summary offense of driving in the wrong lane of traffic should merge with the involuntary manslaughter sentence. We do not agree with this contention. Driving on the wrong side of the highway is not a lesser included offense to the crime of involuntary manslaughter, although the facts in this particular case establish that appellant violated both the Penal Code and The Vehicle Code by his conduct.

The judgment of sentence imposed at No. 23 October Term, 1973 is affirmed. The case is remanded for resentencing at Nos. 70 and 121 February Term, 1973.

---

4. Resentencing in no way affects the underlying convictions. *Commonwealth v. McCord,* 116 Pa. Superior Ct. 480, 176 A. 834 (1935).