480 A.2d 1224

**COMMONWEALTH of Pennsylvania**

v.

**John Stephen ZAENGLE, Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1984.

Filed Aug. 10, 1984.

138

Olszewski, J., dissented with opinion.

Taylor P. Andrews, Public Defender, Carlisle, for appellant.

Kevin A. Hess, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

WICKERSHAM, Judge:

On September 4, 1982, appellant, John Stephen Zaengle, was involved in a one-car accident which resulted in the deaths of the three passengers in his vehicle. On January 26, 1983, appellant entered guilty pleas to one count of driving under the influence [1] and three counts of homicide by vehicle.[2] On April 15, 1983, appellant was sentenced as follows:

No. 886—1982(B), Count I, Homicide by Motor Vehicle, pay a fine of $1,000 and undergo imprisonment in a State Correctional Institution for a period of not less than one (1) year nor more than four (4) years and eleven (11) months; the sentence was suspended for a period of four (4) years eleven (11) months on the condition that [appellant] was placed on probation under the supervision of the Cumberland County Probation Department with intense supervision, and on the further conditions he would serve

1. Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S. § 3731.

2. Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S. § 3732.

twelve (12) months in the Cumberland County Prison, pay $1,000 to the use of the County of Cumberland, not have an operator's license for four (4) years and eleven (11) months or operate a motor vehicle during that period, and upon release from incarceration seek and secure and retain full employment.

Criminal Action No. 886—1982 (B), Count 2, Homicide by Motor Vehicle sentence was suspended for a period of five (5) years on the condition that [appellant] would pay the sum of $500 to the County of Cumberland and the sentence would run concurrent with that imposed to No. 886—1982 (B) Count 1.

Criminal Action No. 886—1982 (B), Count 3, Homicide by Motor Vehicle, sentence was suspended for a period of five (5) years on the condition that [appellant] would pay the sum of $500 to the County of Cumberland and the sentence was to be served *consecutive* to the sentences imposed in No. 886 of 1982, (B), Counts 1 and 2.

Criminal Action No. 886 of 1982 (A), Driving under the Influence, sentence was suspended for a period of one (1) year on the condition that [appellant] pay the sum of $500 to the use of the County of Cumberland and the sentence to run concurrent to the sentence imposed in Criminal Action No. 886 of 1982 (B), Count 3.

Supp. lower ct. op. at 5–6 (emphasis added).

On May 6, 1983, the Cumberland County Public Defender's Office filed a motion to modify sentence pursuant to Pa.R.Crim.P. No. 1410, challenging the legality of the sentence. The sentencing judge summarily dismissed the motion as having been untimely filed.[3] This appeal timely followed.

**3.** Appellant alleges that the following set of circumstances resulted in the untimely filing of his petition to modify sentence: Appellant was not contacted by his retained attorney regarding post-sentencing motions until April 26, 1983, eleven days after sentencing. Appellant told his attorney of his desire to challenge his sentence on or about April 27, 1983, but no motion was filed because of appellant's inability to pay his attorney's fees. Appellant informed the Cumberland County Public Defender's Office of his desire to challenge his sentence on April 29, 1983. The Public Defender's Office was appointed to repre-

In this appeal, appellant presents us with three issues, all of which deal with the sentence imposed upon appellant:

1. Is it lawful for the sentencing court to impose separate sentences for multiple counts of homicide by vehicle where each count pertains to a separate death resulting from one accident?

2. Has this appellant waived his right to challenge the legality of the sentence imposed by his failure to raise said issue in the trial court within ten days after sentencing?

3. May this court vacate that portion of the sentence which is illegal and leave the remaining sentence intact rather than remand this case for resentencing?

Brief for Appellant at 2. We will address these issues seriatim.

First, appellant contends that in cases involving a single automobile accident in which more than one person is killed, only one sentence may be imposed. Therefore, appellant argues, the sentencing court's imposition of separate sentences for multiple counts of homicide by vehicle is illegal.

[1] It has long been the law in Pennsylvania that in cases of involuntary manslaughter in which more than one person is killed in a single accident, only one sentence may be imposed. *Commonwealth v. Guiliano*, 274 Pa.Super. 419, 418 A.2d 476 (1980); *Commonwealth v. Reynolds*, 256 Pa.Super. 259, 389 A.2d 1113 (1978); *Commonwealth v. Speelman*, 235 Pa.Super. 109, 341 A.2d 138 (1975).

In *Commonwealth v. Guiliano, supra,* the defendant lost control of his car and smashed into a pole. His two passengers were killed instantaneously. Chemical analysis established that the defendant had a blood alcohol level of .11%. The defendant was found guilty of two counts of involuntary manslaughter and was sentenced to nine (9) to eighteen (18) months imprisonment on each count. This

sent appellant on May 3, 1983. The motion finally was filed on May 6, 1983, three days after the Public Defender's Office was appointed to represent appellant and twenty-one days after sentencing.

court held that appellant's sentence was illegal because only one sentence should have been imposed.

In *Commonwealth v. Reynolds, supra,* the defendant was the operator of a car which crashed into the steps of a residence, killing two people and seriously injuring another. He was convicted of and sentenced on one count of involuntary manslaughter and one count of recklessly endangering another person. The defendant appealed, contending that only one sentence could be imposed because the injury and deaths resulted from a single unlawful act. This court said:

> Pennsylvania case law is well-settled that in cases of involuntary manslaughter in which more than one person is killed or injured by one unlawful act of the defendant, only one sentence may be imposed. The courts have reasoned that if there is a single criminal act there is a single injury to the Commonwealth. Consequently, the courts of Pennsylvania have no power to impose more than one sentence on a single unlawful act.... The Commonwealth argues that the enactment of the Crimes Code dictates a different result. However, Pennsylvania law has been quite clear on this issue since 1928. If the legislature desired to change the law, it should have specifically done so .... Because there has been no explicit change in this well-settled doctrine, we will continue to apply it.

*Id.,* 256 Pa.Superior Ct. at 279–80, 389 A.2d at 1123 (citations omitted).

Appellant contends that the *Reynolds* decision is applicable to the case at bar in that appellant committed but one unlawful act—the accident which killed his three companions. Consequently, appellant argues, there was only one injury to the Commonwealth and, therefore, the court could legally impose only one sentence.

The Commonwealth contends, and the lower court held, that *Reynolds* and *Guiliano* are inapplicable because they involved the crime of involuntary manslaughter, whereas appellant pleaded guilty to homicide by vehicle. The lower court found "nothing [in the section dealing with homicide

by vehicle] nor in the Vehicle Code which suggests that the Legislature intended the operator of a motor vehicle who commits multiple homicides by vehicle ... [to be] immune from punishment for all but one of those wrongful deaths." Supp. lower ct. op. at 17. Thus, the lower court refused to apply the traditional rule in involuntary manslaughter cases to multiple counts of homicide by vehicle.

■ We disagree with the lower court's analysis. As noted in *Reynolds, supra*, the law as to involuntary manslaughter cases has been quite clear since 1928. We believe that if the Legislature had intended a different result in homicide by vehicle cases, it would have so stated in clear and unambiguous language. It is apparent, however, that the homicide by vehicle statute does not dictate a change in the sentencing law as it now exists.

■ We also note that the degree of culpability required to prove the crime of homicide by vehicle is less than that necessary to establish involuntary manslaughter. *Commonwealth v. Houtz*, 496 Pa. 345, 437 A.2d 385 (1981). In *Houtz*, our supreme court said:

Recently, in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980), this Court had occasion to comment on the relationship between the crimes of homicide by vehicle and involuntary manslaughter. In comparing the two crimes we stated:

In our view it was the legislative judgment in enacting section 3732 [(homicide by vehicle)] to expand the scope of criminal liability for violations of the Vehicle Code causing death.

490 Pa. at 525 n. 4, 417 A.2d at 163 n. 4. This legislative "expansion" was accomplished not by the elimination of any of the elements of the crime of involuntary manslaughter, but by a relaxation of the degree of proof of two existing elements: culpable conduct and causation. The crime of involuntary manslaughter, as charged here, requires proof that the actor engaged in the Vehicle Code violation in a "reckless or grossly negligent manner," and

that the death was caused "as a direct result." 18 Pa.C.S. § 2504. See *Commonwealth v. Clowser*, 212 Pa.Super. 208, 239 A.2d 870 (1968). By contrast, under the crime of homicide by vehicle, it must be shown only that the actor "knew, or should have known," that he engaged in the conduct claimed to be in violation of the Vehicle Code, and that, at the very least, death was a "probable consequence" of the conduct. *Commonwealth v. Field*, 490 Pa. at 525, 417 A.2d at 163. These relaxed degrees of culpable conduct and causation set forth in the crime of homicide by vehicle are necessarily established by proof of the more stringent counterparts contained in the crime of involuntary manslaughter. Thus, under the constitutional prohibitions against double jeopardy, punishment for homicide by vehicle cannot coexist with punishment for involuntary manslaughter.

Id., 496 Pa. at 348–49, 437 A.2d at 387.

Thus, permitting multiple sentences in cases involving homicide by vehicle but not in involuntary manslaughter cases could result in the imposition of more severe penalties for less culpable acts. While such a result may be within the authority of the legislature, we will not determine that the legislature intended such a result in the absence of clear and explicit language. *See Reynolds, supra.* [4]

■ Instantly, we find that appellant committed only one unlawful act. The sentencing court had no power to impose more than one sentence. Thus, the sentences imposed upon appellant are illegal. *Commonwealth v. Houtz, supra* (impermissible multiple punishment can take the form of consecutive or concurrent sentences).

■ Appellant's next issue questions whether his failure to file a timely motion to modify sentence results in a

4. It is of interest to note that the writer of this opinion was the trial judge in *Houtz*, a case involving one motor vehicle accident with two resulting deaths. Houtz was originally sentenced consecutively for the maximum time permitted for each death. A proceeding for reconsideration of sentence convinced the trial judge that such was not legally permissible.

waiver of his right to challenge the legality of his sentence on appeal. It is clear that the illegality of a sentence cannot be waived by a failure to properly raise the issue in the trial court. *Commonwealth v. Bossche,* 324 Pa.Super. 1, 471 A.2d 93 (1984); *Commonwealth v. Mitchell,* 170 Pa.Super. 319, 465. A.2d 1284 (1983). Thus, appellant did not waive his right to challenge the legality of his sentence.

■ Appellant's final issue addresses the appropriate disposition of this appeal. Once we have determined that a sentence is illegal, this court may either remand for resentencing or vacate and amend the sentence directly. *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983). Instantly, we think it advisable to vacate judgment of sentence and remand for resentencing. The sentence imposed on appellant was unique and rather complicated. It is not clear what the sentencing court would have done had it known that part of the sentence would be found to be illegal. Since we are not certain of the sentencing court's intentions, we remand for resentencing.

Judgment of sentence is vacated and case remanded for resentencing. Jurisdiction is relinquished.

OLSZEWSKI, J. filed a dissenting opinion.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge, dissenting:

The majority today has concluded that no more than a single sentence may be imposed for multiple counts of homicide arising from a single accident—regardless of the fact that each count represents a separate and unique life lost as a result of that accident. I respectfully dissent.

To reach that conclusion, the majority relies on a long line of Pennsylvania cases which hold that, in cases of involuntary manslaughter where more than one person is killed in a single accident, only one sentence may be imposed. *E.g., Commonwealth v. Guiliano,* 274 Pa.Super. 419, 418 A.2d 476 (1980); *Commonwealth v. Reynolds,* 256 Pa.Super. 259,

389 A.2d 1113 (1978). The rationale which underlies the rule is that a single criminal act results in a single injury to the Commonwealth. *Commonwealth v. Ernesto,* 93 Pa.Super. 339 (1928). The court notes that homicide by vehicle requires a lesser degree of culpability than that necessary to establish involuntary manslaughter. *See Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981). Applying the logic that the greater includes the lesser, it finds impermissible multiple sentences on multiple counts of homicide by vehicle.

The majority's analysis fails because it starts with a faulty premise. It assumes that homicide by vehicle and involuntary manslaughter are but varied degrees of the same offense. To the contrary, the Supreme Court has distinguished the two on the basis of the "vehicle statute's distinct purpose of reducing highway fatalities." *Commonwealth v. Hicks,* 502 Pa. 344, 348 n. 5, 466 A.2d 613, 615 n. 5 (1983); *see* 75 Pa.C.S. Sec. 1532 (conviction for homicide by vehicle results in revocation of a driver's license for one year, while conviction for involuntary manslaughter results in no conviction).

We agree with the lower court that nothing in the Vehicle Code suggests a legislative intent to expose the defendant who commits multiple homicides by vehicle to prosecution for each death—but to shield him from punishment for all but one of those deaths. Supp. op. at 17. In this case, appellant's involuntary intoxication resulted in the untimely deaths of three people. As the lower court explained in its excellent opinion,

> each life is of infinite value not only to the individual and his or her family but also to the Commonwealth, and consequently the taking of that lie necessarily constitutes a separate and distinct injury to all those affected by that death, including the Commonwealth of Pennsylvania. Id.

For these reasons,[1] we would affirm the judgment below.

1. The Vehicle Code was amended by the Act of December 15, 1982, P.L. 1268, to create a new offense, homicide by vehicle while driving under the influence, 75 Pa.C.S.Sec. 3735. The statute prescribes a

mandatory prison term of not less than three years. The amendment took effect on January 14, 1983, after the occurence of the offense alleged in this case.