483 A.2d 950

**COMMONWEALTH of Pennsylvania,**

v.

**Thomas PADDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 10, 1984.

Filed Oct. 30, 1984.

Thomas P. Kennedy, Assistant Public Defender, Scranton, for appellant.

James J. Walker, Assistant District Attorney, Scranton, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this appeal from an order denying a request to vacate sentences alleged to be illegally duplicitous, the issue is whether separate sentences may validly be imposed for the several offenses committed while a burglar attempts to flee from the scene of his crime.

Following a burglary in the City of Scranton, Thomas Padden stole a pickup truck and attempted to elude pursuing police. During a high speed chase covering more than twenty miles, he ran through three road blocks, twice rammed a Scranton police vehicle occupied by Sergeant Saccetti and Patrolman Witkowski, forcing it off the road, and at least three times struck, bumped and rammed a Dickson City police vehicle occupied by Harold Nudelman and engaged in maintaining a rolling road block intended to slow appellant's vehicle and protect innocent motorists. Appellant was convicted, inter alia, of burglary and of committing three separate aggravated assaults upon Saccetti, Witkowski and Nudelman. He was sentenced to prison for not less than three nor more than six years for burglary and was given consecutive sentences of not less than one nor more than three years for each aggravated assault. The total sentence to be served, therefore, was not

less than six nor more than fifteen years. A motion to modify the sentence was denied. On direct appeal, the judgment of sentence was affirmed. See: *Commonwealth v. Padden,* 314 Pa.Super. 209, 460 A.2d 840 (1983). Thereafter, Padden filed pro se a petition to vacate the sentences which he alleged to be illegally duplicitous. The order from which the present appeal has been taken was entered in response to that petition.

■ The opinion of a panel of this Court, filed in appellant's direct appeal, demonstrates that the alleged illegality of appellant's sentences was not then considered. Because an illegal sentence cannot be waived, appellant's failure to raise it on direct appeal does not preclude our present consideration of the issue. *Commonwealth v. Mitchell,* 319 Pa.Super. 170, 178, 465 A.2d 1284, 1287–1288 (1983); *Commonwealth v. Welch,* 291 Pa.Super. 1, 3, 435 A.2d 189, 189 (1981). See: *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Zaengle,* 332 Pa.Super. 137, 480 A.2d 1224 (1984); *Commonwealth v. Bossche,* 324 Pa.Super. 1, 471 A.2d 93 (1984).

In *Commonwealth v. Walker, supra,* the Supreme Court said:

Analysis of duplicitous sentence questions has traditionally revolved around the concept of injury to the sovereign, in this case the Commonwealth. One of the purposes of the criminal law is to punish offenses against the Commonwealth, as defined by the Legislature, and it follows that, "[t]he criminal prosecution is for the injury done to the Commonwealth, and not for the injury done to the individual who may, if entitled, obtain redress through a civil action. Where there is but one act of cause of injury, or death of a number of persons, there is but one injury to the Commonwealth, but where the acts or causes are separate, they are separate injuries to the peace and dignity of the Commonwealth." *Commonwealth v. Veley,* 63 Pa.Super. 489, 496 (1916). See also *Commonwealth v. Carroll,* 131 Pa.Super. 357, 200 A. 139 (1938); *Commonwealth v. Ernesto,* 93 Pa.Super. 339

(1928); *Commonwealth v. Camwell*, 89 Pa.Super. 339 (1926). Therefore, in order to support the imposition of two sentences ... it must be found that [the defendant's] conduct constituted two injuries to the Commonwealth. *Id.* 468 Pa. at 331–332, 362 A.2d at 231.

Applying this principle to the facts of the instant case, it becomes apparent that four sentences were imposed for three separate offenses against the Commonwealth. The first offense occurred when appellant unlawfully entered a service station in the City of Scranton. For this offense he could most certainly be sentenced separately.

■ Offenses occurring during appellant's attempted escape from pursuing police thereafter were not essential parts of the burglary, and separate sentences could properly be imposed for each distinct offense occurring during flight. The first of these occurred when appellant rammed and attempted to force the Scranton police vehicle from the road. The evidence showed that appellant was engaged in a continuous effort to escape from the vehicle occupied by Sergeant Saccetti and Patrolman Witkowski, who were engaged in a joint effort to apprehend him. Although the jury found appellant guilty, as charged, of two aggravated assaults [1] during this incident, it seems clear that only one offense against the Commonwealth occurred. This Court has repeatedly held that one vehicular act resulting in death or injury to several persons is a single injury to the Commonwealth for sentencing purposes. Therefore, separate punishments for each person threatened or injured have been held improper. See: *Commonwealth v. Zaengle, supra; Commonwealth v. Frisbie*, 318 Pa.Super. 168, 464 A.2d 1283 (1983); *Commonwealth v. Laing*, 310 Pa.Super. 105, 456 A.2d 204 (1983); *Commonwealth v. Reynolds*, 256 Pa.Super. 259, 389 A.2d 1113 (1978); *Commonwealth v. Speelman*, 235 Pa.Super. 109, 341 A.2d 138 (1975). For sentencing purposes, appellant's conduct toward the vehicle

---

**1.** An aggravated assault consists, inter alia, of an attempt to cause "bodily injury to a police officer making or attempting to make a lawful arrest." 18 Pa.C.S. § 2702(a)(3).

occupied by Saccetti and Witkowski was one offense. It did not become two offenses against the Commonwealth, as the trial court seemed to think, because appellant bumped or rammed the police vehicle more than once during the chase. This scenario was no different factually or in legal consequence than an assault consisting of several blows upon the same victim. For sentencing purposes, there is but one assault.

■ Appellant's bumping and ramming of the vehicle used by Officer Nudelman to establish a rolling road block, however, constituted a separate aggravated assault for which appellant could be sentenced. Saccetti and Witkowski had been left behind. Nudelman was not attempting to apprehend appellant, from whom appellant was trying to escape. Appellant's conduct calculated to remove Nudelman from the chase was temporally and geographically separate and distinct from his offense during the earlier pursuit. Thus, it was a separately identifiable offense against the dignity and peace of the Commonwealth for which a separate sentence could properly be imposed. See: *Commonwealth v. Walker, supra; Commonwealth v. Adams,* 296 Pa.Super. 24, 442 A.2d 277 (1982). See also: *Commonwealth v. Dieterly,* 294 Pa.Super. 25, 439 A.2d 732 (1981); *Commonwealth v. Marker,* 231 Pa.Super. 471, 331 A.2d 883 (1974). Moreover, appellant's later offense was directed toward a separate victim. See and compare: *Commonwealth v. Watson,* 311 Pa.Super. 89, 457 A.2d 127 (1983) (although separate sentences for indecent assault and corruption of minors were improper because they related to the same criminal act, the court could properly impose separate sentences with respect to each of two victims); *Commonwealth v. Marker, supra* (several persons blackmailed at or about the same time); *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972) (several victims robbed during same holdup).

■ When this Court invalidates one of several sentences, it may either remand for resentencing or vacate the invalid sentence. *Commonwealth v. Watts,* 319 Pa.Super. 137,

140, 465 A.2d 1267, 1269 (1983); *Commonwealth v. Fulton,* 315 Pa.Super. 420, 424, 462 A.2d 265, 267 (1983). In the instant case, we are satisfied that the sentence for burglary was not influenced by the sentences imposed for the aggravated assault. This sentence, therefore, will be affirmed. Whether the trial court would have imposed the same sentences for two aggravated assaults if it had known that a third would be invalidated we are unable to ascertain. Therefore, we will vacate the sentences imposed for the aggravated assaults and remand for resentencing.

The judgment of sentence for burglary is affirmed. The several sentences imposed for aggravated assaults are vacated, and those matters are remanded for resentencing in accordance with the foregoing opinion.

Jurisdiction is relinquished.