562 A.2d 908

**COMMONWEALTH of Pennsylvania**

v.

**Elijah YATES, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 6, 1989.

Filed Aug. 14, 1989.

Larry D. Feldman, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

KELLY, Judge:

The principal issue raised by this appeal is whether two convictions for aggravated assault, arising from injuries to two individuals caused by a single blast from a shotgun, should have been deemed to have merged under the common law merger doctrine as applied in Pennsylvania. We find that the offenses did not merge, and affirm the order denying appellant post-conviction relief.

In February 1981, appellant went to Debra Wimes' apartment armed with a loaded shot gun and engaged in an argument with the occupants of the apartment, including Rosetta Williams, the grandmother of his children. After he was pushed out of the apartment and the door was closed in his face, appellant placed the shot gun against the wooden door, and fired into the apartment. Louis Pigford and Debra Wimes were both seriously injured by the blast. Fortunately, none of the *five children*, or other adults present in the apartment were injured by the blast.

Appellant was arrested, tried by jury, and convicted of two counts each of aggravated assault and reckless endangerment, and one count each of possessing the instrument of a crime and possessing a prohibited offensive weapon. Post-verdict motions were denied. Appellant was sentenced to consecutive five to ten year terms of imprisonment on the two aggravated assault convictions, and a concurrent term of one to two years imprisonment on the possessing an instrument of crime conviction.

This Court affirmed on direct appeal, and our Supreme Court denied allocatur. Two separate petitions in federal court for *habeas corpus* relief have been denied. On May 5, 1984, appellant filed a petition under the now superseded Post–Conviction Hearing Act. 42 Pa.C.S.A. §§ 9541 *et seq.* (*superseded* as to all petitions filed on or after April 13, 1988 by the Post–Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.*). Counsel was appointed, an amended petition was filed, and an evidentiary hearing was conducted. The trial court then denied appellant's P.C.H.A. petition on August 10, 1988. This timely appeal followed.

■ Appellant contends on appeal that consecutive sentences for two aggravated assault convictions arising from a single shot gun blast violated the common law merger doctrine as applied in Pennsylvania. Appellant also contends that trial counsel was ineffective in failing to spend sufficient time consulting with appellant.[1] We find no merit in the contentions and affirm the order denying post-conviction relief.

Appellant contends that separate sentences for two aggravated assault convictions arising from a single criminal act are illegal in that they violate the common law merger doctrine as applied in Pennsylvania. Appellant argues that the language of the aggravated assault statute evinces an intent to protect society in general, rather than individuals particularly, and therefore injuries to several people in violation of that statute resulting from a single act may only give rise to a single sentence. He cites *Commonwealth v. Zaengle*, 332 Pa.Super. 137, 480 A.2d 1224 (1984) and *Commonwealth v. Miller*, 469 Pa. 24, 364 A.2d 886 (1976) in support of this argument.

The Commonwealth responds that multiple sentences for separate injuries to different individuals arising from a

1. Appellant has failed to even suggest, let alone establish, how his case could or would have been improved if additional consultations had occurred between himself and counsel. Vague and conclusory allegations of ineffectiveness of this kind are patently frivolous. *See Commonwealth v. Petras*, 368 Pa.Super. 372, 382, 534 A.2d 483, 488 (1987). Further discussion of this contention is not warranted.

single criminal act are permissible, and cites *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984), in support of this response. The Commonwealth also aptly notes that *Commonwealth v. Zaengle, supra,* was vacated and remanded by our Supreme Court for reconsideration in light of *Commonwealth v. Frisbie, supra,* and that on remand this Court concluded separate sentences from the single criminal act involved did not violate the merger doctrine. *See Commonwealth v. Zaengle,* 508 Pa. 355, 497 A.2d 1330 (1985), *on remand* 345 Pa.Super. 124, 497 A.2d 1335 (1985). Hence, appellant's reliance on this Court's initial decision in *Zaengle* is plainly misplaced.

Likewise, appellant's reliance on *Commonwealth v. Miller, supra,* is misplaced. Indeed, *Miller* is neither favorable to appellant, nor vaguely apposite. Rather, it stands for the rather unastounding and well settled proposition that a conspiracy conviction does not merge for sentencing purposes with a completed offense which was the objective of the conspiracy. Thus, appellant's contention is wholly without support.

In *Commonwealth v. Frisbie, supra,* our Supreme Court held that separate sentences for reckless endangerment, arising from a single episode in which the appellant had driven into a crowd during a police chase, did not violate double jeopardy protections. Justice Larsen opined for the majority that the legislature could constitutionally authorize multiple sentences for each individual threatened or injured by appellant's reckless driving, and had demonstrated an intent to do so by defining the offense in terms of a threat to "another person" rather than specifically limiting the number of charges which could be brought with language such as "one or more persons," "another individual or group of individuals," or "another person or persons," as the legislature had done in other cases. 485 A.2d at 1100. The language of the aggravated assault statute is indistinguishable in this respect. *See* 18 Pa.C.S.A. § 2702.

Justice Larsen also noted that construction of the statute to permit multiple sentences was consistent with the gener-

al purpose of the Crimes Code to ensure punishment proportionate with criminal liability and to differentiate among offenders based upon the seriousness of the criminal conduct involved:

> An offender whose unlawful act harms or is likely to harm many people is more culpable, and thus deserving of more severe punishment, than an offender whose unlawful act harms only one person.

506 Pa. at 467, 485 A.2d at 1100–01.

The applicability of the majority's analysis in *Frisbie* to the facts of the present case is underscored by Chief Justice Nix's concurring opinion in *Frisbie,* wherein he stated:

> My quarrel with the majority's analysis is that it views this situation as being equivalent to *one firing a projectile as a result of a single act of depressing the trigger where the consequences result in the wounding of several victims.* In the hypothetical case the single act theory comes into play and the discussion that the majority indulges in would be appropriate.

506 Pa. at 467, 485 A.2d at 1101. (Emphasis added). The Chief Justice's hypothetical example differs from the facts of our case only in that, rather than having a single bullet injure two or more persons, here the multiple pellets dispersed in a single shot gun blast separated and injured two persons. That is obviously a distinction without a difference.

The *Frisbie* decision was narrowly focussed on a double jeopardy claim. Nonetheless, in subsequent cases our Supreme Court's rejection of the single act theory of *merger* in accordance with the double jeopardy analysis in *Frisbie* has been unequivocal. *See Commonwealth v. Michael Williams,* 514 Pa. 124, 129, 522 A.2d 1095, 1097–98 (1987); *Commonwealth v. Harper,* 512 Pa. 155, 170, 516 A.2d 319, 327 (1986); *Commonwealth v. Sayko,* 511 Pa. 610, 615, 515 A.2d 894, 896 (1986); *Commonwealth v. Rhodes,* 510 Pa. 537, 561, 510 A.2d 1217, 1229–30 (1986).

However, while this case was pending in this Court, our Supreme Court issued its opinions in *Commonwealth v.*

*Leon Williams,* 521 Pa. 556, 559 A.2d 25 (1989) and *Commonwealth v. Weakland,* 521 Pa. 353, 555 A.2d 1228 (1989), which *specifically* overruled our Supreme Court's prior decision in *Commonwealth v. Michael Williams, supra,* and significantly altered the common law merger doctrine as applied in Pennsylvania. We now consider the effect of this change on the rejection of the single act theory of merger in *Frisbie* and its progeny.

Our Supreme Court's prior test for merger as set forth in *Commonwealth v. Michael Williams, supra,* may accurately be summarized as follows. Offenses merged if the factual predicate for one offense "necessarily included" the factual predicated of the other offense *and* the offenses were not intended to vindicate "substantially different interests." Significantly, in the *Michael Williams* decision our Supreme Court expressly rejected the single act theory for merger. 522 A.2d at 1097–98.

Both *Weakland* and *Leon Williams,* however, specifically overruled *Michael Williams,* and announced a *new* merger test. The new merger test may be accurately summarized as follows. In order for offenses to merge, one offense must be a "lesser included offense" of the other, *i.e.* the elements of the lesser offense must be identical to and capable of being wholly subsumed within the elements of the greater offense, and the factual predicate for the lesser included offense must also be part of the factual predicate *required* to establish the greater offense. *See Commonwealth v. Weakland, supra,* 555 A.2d at 1233.

Our Supreme Court has thus adopted what amounts to a conclusive presumption of legislative intent, or a rule of statutory construction, which provides that the legislature will be conclusively presumed to have intended to vindicate any and all interests violated by a lesser included offense in the authorized penalty for the greater offense, and that when the legislature creates an offense whose elements cannot be wholly subsumed within those of another offense, the legislature will be conclusively presumed to have identified a separate interest to be separately vindicated. The

only exception to these bright line rules or presumptions applies when facts other than those *required* to support the greater offense support a conviction for an otherwise lesser included offense. *See Commonwealth v. Weakland, supra; Commonwealth v. Leon Williams, supra.*

These changes, however, address other aspects of Pennsylvania's construction of the common law merger doctrine and in no way effect the rationale expressed in *Frisbie* and its progeny for rejecting the single act theory of merger. That the rejection of the single act theory by *Frisbie* and its progeny *was left undisturbed* by *Weakland* and *Leon Williams* is made clear by our Supreme Court's reliance upon this aspect of its *Frisbie* decision in its decision in *Commonwealth v. DeSumma,* — Pa. —, 559 A.2d 521 (1989), which was filed after *Weakland* and *Leon Williams.*

Thus, it remains the law of this Commonwealth that the life and safety of *each* citizen is to be protected *individually.*[2] *There is no "two for one discount" in the Pennsylvania Crimes Code, and we will not permit criminals to imply one through distortion of the common law merger doctrine.* It shall not be a defense to liability that an indiscriminant force employed by a criminal injured or placed at risk more or different persons than intended. To the contrary, the only effective way for a criminal to limit potential liability in that respect is to choose more discriminant tools for achieving the criminal objective(s) sought, *i.e.* to stop using firearms and other instruments of crime which place bystanders at risk.

## Conclusion

Judgment of Sentence affirmed.[3]

DEL SOLE, J., concurs in the result.

2. That is unless, of course, the legislature unequivocally expresses a contrary intent by using language such as that cited by Justice Larsen in *Frisbie.* 485 A.2d at 1100. They have not done so here. *See* 18 Pa.C.S.A. § 2702.

3. We note that on these facts, appellant could quite easily have been convicted of five or more additional counts of reckless endangerment

with regard to the children and other adults also in the apartment when appellant let loose the indiscriminant lethal force of a shot gun blast. Had he been convicted on such charges, additional consecutive terms of imprisonment could lawfully have been imposed in accordance with the reasoning set forth in *Frisbie*.