WOLFE, P. J.,
Defendant has filed timely post-sentence motions for modification of sentence and application of bail pending appeal to the Superior Court.

*339
Motion to Reduce Sentence

Defendant was sentenced to an aggregate minimum of 14 years to an aggregate maximum of 28 years total incarceration. This sentence was brought upon defendant by reason of his conviction of four counts of involuntary manslaughter, four counts of homicide by vehicle while operating under the influence of alcohol, four counts of homicide by vehicle and two counts of operating while under the influence of alcohol.
Defendant argues that the sentence is excessive and in violation of defendant’s constitutional rights under the Constitution of the Commonwealth of Pennsylvania and the Constitution of the United States. Defendant advances that we failed to give credit to him of his good character, his rehabilitative needs, his relatively young age of 32 years, and his family status as the father of an infant child and three stepchildren, he being their sole source of support.
We disagree with defendant that we neglected to consider his side of the scales of justice in regard to his character, reputation, family status and other mitigating circumstances. Our pre-sentence colloquy at time of sentence does not support defendant’s position now.
The core of the sentence is defendant’s conviction of guilt of operating his vehicle while under the influence of alcohol, the result of which was the death of two minor children and their mid-age grandparents.
Section 3735 of the Vehicle Code addresses homicide by vehicle while driving under influence:
“(a) Offense defined — Any person who unintentionally causes the death of another person as the direct result of a violation of section 3731 (relating to driving under influence of alcohol or controlled *340 substance) and who is convicted of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.*
“ (b) Applicability of sentencing guidelines —The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory penalty of this section.”
We do not consider the sentence excessive. In Commonwealth v. Hernandez, 339 Pa. Super. 32, 488 A.2d 293 (1985), the court held this section constitutional. There, the defendant was convicted of involuntary manslaughter (18 Pa.C.S. §2504(a)); homicide by vehicle (75 Pa.C.S. §3732); homicide by vehicle while driving under the influence (75 Pa.C.S. §3735(a)); driving under the influence while impaired (75 Pa.C.S. §3731(a)(l)); driving under the influence — blood alcohol content exceeding 0.10 percent (75 Pa.C.S. §3731(a)(4)); and, operation of a vehicle with suspended or revoked license (75 Pa.C.S. §1543(a)).
The sentencing court imposed a sentence of three to seven years, for homicide by vehicle while driving under the influence; two and one-half to five years, for the involuntary manslaughter conviction; two and one-half to five years, for the homicide by vehicle conviction; and one to two years, for the driving under the influence while impaired conviction. The appellate court followed its decision in Commonwealth v. Houtz, 496 Pa. 345, 349, 437 A.2d 385, 387 (1981); Commonwealth v. Bostic, 500 Pa. 345, 456 A.2d 1320 (1983); and Commonwealth v. Zaengle, 332 Pa. Super. 137, 480 A.2d 1224 (1984), *341 and held the imposition of the sentence of two and one-half years to five years for the involuntary manslaughter conviction, and two and one-half to five years for homicide by vehicle, was in violation of the prohibition against double jeopardy. The court vacated the sentence for homicide by vehicle and judgment of sentence imposed on the other convictions was affirmed. Thus, defendant was sentenced to an aggregate minimum of six and one-half years to an aggregate maximum of 14 years for the death of one victim.
Instantly, section 3735 of the Vehicle Code makes no distinction as to the number of victims whose deaths result by reason of one act of the defendant.
In Commonwealth v. Speelman, 235 Pa. Super. 109, 341 A.2d 138 (1975), the court, following Commonwealth v. McCord, 116 Pa. Super. 480, 176 Atl. 834 (1935), reaffirmed it has long been the law of this Commonwealth “that where more than one death results from a single accident, there is but one injury to the Commonwealth.” The court therefore held the trial court may not impose a sentence on more than one charge of involuntary manslaughter arising from the same accident.
In Speelman, supra, three deaths resulted by reason of the defendant’s operation of his vehicle on the wrong side of the road and while under the influence of alcohol, as his jury found. The court held any attempt to sentence on additional charges of manslaughter is a nullity, citing Commonwealth v. Cox, 209 Pa. Super. 457, 228 A.2d 30 (1967); Commonwealth ex rel. Brockway v. Keenan, 180 Pa. Super. 78, 118 A.2d 255 (1955); Commonwealth v. McCord, supra; Commonwealth v. Ernesto, 93 Pa. Super. 339 (1928).
When section 3735 of the Vehicle Code was enacted, Act no. 182-289, effective January 14, *342 1983, the legislature therefore was aware of case law that one criminal act begets one sentence, irrespective of the number of victims. In our opinion it was for this reason the legislature made section 3735 a mandatory sentence and clearly addressed “death of another person” and made no distinction as to the number of victims in the one incident. To hold otherwise makes a complete mockery of the law. In our view there is no justice in the imposition of a mandatory minimum sentence of not less than three years on the defendant who happens to cause the death of one victim while operating under the influence, the same minimum three-year sentence on a defendant who causes multiple deaths by the same act, which is to hold the other deaths merge into the one death. The merger is of the act, not the merger of the victims. This is the reasoning of Commonwealth v. Speelman, supra. Instantly, defendant was sentenced only once for the multiple deaths and not consecutively or concurrently on the other charges by reason of merger.
We therefore hold the imposition of the consecutive three-year minimum sentence on each victim was not only proper but mandatory. Courts are not to undo the legislation imposed upon the citizens of this Commonwealth unless the legislation is clearly unconstitutional or in statutory violation of rights. We find none here.
Moreover, defendant was charged to information no. 32 of 1986 with two counts of operating while under the influence of alcohol, sections 3731(a)(1) and 3731(a)(4), blood alcohol content indicating 0.23 percent. Defendant completed the ARD-DUI program, and the charges were dismissed April 3, 1987. It is therefore conclusive defendant was aware of the consequences of his acts and the potential damage that may ensue.
*343 Finally, defendant argues there is no useful purpose in incarcerating an otherwise productive citizen for a period of 14 years when he has a family to support. We could not disagree with this argument if defendant could make the victims whole. Effectively, this argument simply states that because the victims are dead there is no useful purpose to society in an extended incarceration. We do not accept this flawed logic. We recognize the purpose of sentence is to rehabilitate the defendant, protect society from criminal activity, and serve as a deterrent. Here, the legislature has spoken loudly by the mandatory sentence provision which our courts have found constitutional. We have not found, nor have cases been submitted to us, that state we may “merge” the victims’ deaths into fractions to impose a sentence. It is our opinion if this be the law it is for the appellate courts to say so.

Bail

Defendant has made application for bail under rule 4010B(2) of Rules of Criminal Procedure: “Except as provided in section A(l) when the sentence imposed includes imprisonment of two years or more, the defendant shall not have the same right to bail as before verdict, but bail may be allowed in the discretion of the judge.”
Rule 4010C of Rules of Criminal Procedure requires the trial judge to state of record his reasons for refusal of bail.
The Commonwealth argues strongly against bail because of the severity of the damages and because defendant received a fair trial, and there is no merit to the appeal. Clearly, we cannot determine the appeal results; however, we are compelled to agree with the Commonwealth. Even in the best light for *344 defendant he will be compelled to serve a minimum of three and one-half years as the statute provides. Defendant’s main thrust of his defense did not challenge the fact he was operating while under the influence of alcohol, but rather that the laboratory utilized by the Commonwealth was not licensed properly by the Department of Health. Our opinion dismissing post-trial motions addresses this issue and the other issues defendant raises at time of bail argument, and we will not here reiterate. Suffice it to say we are satisfied defendant received a fair trial and are of the opinion defendant should commence the service of his sentence.
For these reasons we enter the following
ORDER
And now, October 23, 1990, defendant’s motion for reduction of sentence and for bail is denied.

 A felony of the third degree carries a minimum of three and one-half years to a maximum of seven years; thus, the aggregate sentence of 14 years for four deaths.