J-A23016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH OESTERLE THIERS, | : | |
| Appellant | : | No. 3465 EDA 2015 |

Appeal from the Judgment of Sentence June 22, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008292-2013

BEFORE:  PANELLA, J., DUBOW, J., and FITZGERALD, J.*

MEMORANDUM BY DUBOW, J.:                          **FILED NOVEMBER 29, 2017**

Appellant, Joseph Oesterle Thiers, appeals from the Judgment of Sentence entered on June 22, 2015, by the Court of Common Pleas of Montgomery County following his open guilty plea to four counts of Aggravated Assault.[1]  After careful review, we affirm.

On October 19, 2013, Appellant drove to an establishment named Double Visions in Horsham Township, Pennsylvania, and shot and wounded two employees.  Appellant shot Phil Catagnus in the chest and shot Jason Catagnus in the back.  Appellant subsequently fled the scene in his pickup truck.  Police Officers Jose Ortiz and Emmanuel Reguera pursued Appellant. Appellant failed to heed the police officers' sirens and emergency lights, refused to stop, and engaged the police officers in a high-speed chase.

_____

[1] 18 Pa.C.S. § 2702(a)(1).

_____

*   Former Justice specially assigned to the Superior Court.

Appellant finally stopped in a residential driveway on Warwick Road in Warrington Township, left his truck, and positioned himself behind a tree. When the police officers exited their vehicle, Officer Reguera saw Appellant point a gun at him and Officer Ortiz. Appellant then fired his gun at the two police officers until it ran out of bullets.[2] The two officers heard several shots but were not hit by bullets.

On January 9, 2015, Appellant entered into an open guilty plea to four counts of Aggravated Assault; two counts for causing serious bodily injury to the two victims that were shot, and two counts for attempting to cause serious bodily injury to the two police officers. Prior to entering his plea in open court, Appellant reviewed a written colloquy with his attorney, which he then initialed and signed. The court scheduled a sentencing hearing for June 22, 2015. Appellant did not seek to withdraw his guilty plea prior to sentencing.

At the June 22, 2015 sentencing hearing, the court sentenced Appellant to an aggregate term of twenty-two to forty-four years' incarceration, which included two terms of six to twelve years' incarceration, to be served consecutively, for the shooting of each civilian victim, and two terms of five to ten years' incarceration, also to be served consecutively, for the attempted shooting of each police officer. All sentences imposed by the trial court were within the standard range.

_____

[2] The Smith and Wesson .22-caliber revolver had a six bullet chamber and all six spent shell casings were in the cylinder.

- 2 -

Appellant did not file a Post-Sentence Motion to withdraw his guilty plea. Rather, he filed a timely Post-Sentence Motion requesting only a modification of sentence, which the trial court denied after a hearing.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the trial court err when it accepted [Appellant]'s guilty plea that was not made knowingly, intelligently or voluntarily?

2. Did the trial court err when it allowed defense counsel to prohibit [Appellant] from making a statement at the Guilty Plea when [Appellant] stated on the record that he wished to do so?

3. Did the trial court err when it accepted a guilty plea to Count 20 and Count 21 as there was insufficient evidence placed on the record to sustain convictions on two separate aggravated assaults, graded as felonies of the first degree, as it related to Officer Ortiz and Officer Reguera?

4. Did the trial court abuse its discretion when it sentenced [Appellant] to two separate, consecutive terms of no less than 5 years and no more than 10 years on Counts 20 and 21, as there lacked a factual predicate on which to sentence on two counts of Aggravated Assault, graded as a felony of the first degree, as it applied to the two police officers[?]

Appellant's Brief at 4 (reordered for ease of disposition).

In his first issue three issues, Appellant challenges the validity of his guilty plea, averring it was not knowing, voluntary, and intelligent. **See** Appellant's Brief at 15. Specifically, Appellant alleges that he did not understand the nature of the charges to which he was pleading guilty, there was not a sufficient factual basis for the plea, he was not informed of the maximum permissible ranges of sentences that he was facing, and he had not

been permitted to make a statement on the record. *Id.* at 16, 20, 24. Appellant failed to raise these claims before the trial court and, therefore, they are waived.

It is well-settled in Pennsylvania that when a defendant enters a guilty plea, he waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of his sentence and the validity of his plea. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). In order to preserve an issue related to a guilty plea, an appellant must either object during the plea colloquy, object at the sentencing hearing, or file a motion to withdraw the plea within ten days of sentencing. *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017). *See* Pa.R.Crim.P 720(A)(1), (B)(1)(a)(i); *see also* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Failure to do so will result in waiver. *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013). Further, an appellant "cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Monjaras-Amaya, supra* at 469 (citation, quotation, and emphasis omitted). "The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency." *Id.*

Here, Appellant failed to object during the plea colloquy or at sentencing, and he did not file a motion to withdraw the plea within ten days

of sentencing. *See* Pa.R.Crim.P. 720(B)(1)(a)(i). Because Appellant never challenged his guilty plea in the trial court before raising these issues in his Rule 1925(b) statement, based on the foregoing authority, we are constrained to find Appellant's first three issues waived.

In his last issue, Appellant avers that the trial court misapplied the sentencing guidelines because the factual basis for sentencing Appellant to two counts of Aggravated Assault for the attempted shooting of two police officers was one criminal act. *See* Appellant's Brief at 30. He further avers that, because the crimes arose from one criminal act, the crimes merged for sentencing purposes. *Id.* at 33. We disagree.

As noted above, Appellant waived his right to challenge the factual basis of his plea. However, his assertion of merger presents a non-waivable challenge to the legality of his sentence. *Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa. Super. 2007). Accordingly, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Martinez*, 153 A.3d 1025, 1029-30.

The Sentencing Code provides: "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. Our Supreme Court has stated: "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the

statutory elements of one of the offenses are included in the statutory elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).

Appellant argues that he committed a single "criminal act" of discharging one bullet into the ground, a fact which is not supported by the record. ***See*** Appellant's Brief at 31. In addition, during the guilty plea proceeding, Appellant admitted that he "fired shots" at the officers. N.T. Guilty Plea, 1/9/15, at 10. We will not entertain an argument based on facts not in the record.

The record shows that Appellant committed more than one criminal act, namely, he "fired shots" at two different police officers. Where more than one person is threatened or injured by a defendant's actions, the defendant is criminally liable for the harm done to each victim. ***Commonwealth v. Yates***, 562 A.2d 908, 910 (Pa. Super. 1989). This Court has stated:

> [I]t remains the law of this Commonwealth that the life and safety of *each* citizen is to be protected *individually. There is no "two for one discount" in the Pennsylvania Crimes Code, and we will not permit criminals to imply one through distortion of the common law merger doctrine*. It shall not be a defense to liability that an indiscriminant force employed by a criminal injured or placed at risk more or different persons than intended. To the contrary, the only effective way for a criminal to limit potential liability in that respect is to choose more discriminant tools for achieving the criminal objective(s) sought, *i.e. to stop using firearms and other instruments of crime which place bystanders at risk.*

*Id.* at 911 (emphasis in original; footnote omitted). Thus, "[o]ur courts have long held that where a defendant commits multiple distinct criminal acts, concepts of merger do not apply." **Robinson**, **supra** at 24.

Appellant is not entitled to a "two for one discount" for shooting multiple shots at the two police officers. Based on the foregoing, Appellant's merger claim fails. We, thus, affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2017